### S. MEYER vs. W. T. GLATHERY.   MARY S. KIDD, INTERVENOR.

MAYO, J.   A sale without delivery has no effect as to third persons; and where the vendor remains in possession, the sale is presumed to be a fraudulent simulation.

2. The law does not require sales of personal property to be in writing or recorded, and such unnecessary formalities, so far from strengthening the title, only excite suspicion.

3. The fact that intervenor did not testify and swear to the payment of the price and to the *bona fides* of the transaction attacked, when she could easily have done so, if such were the truth, furnishes a strong presumption against her.

### L. & A. SCHAEFF vs. MOORE & RABUN.

GUNBY, J.   Simply giving a preference to some creditors is not a ground of attachment, It must be an "unfair preference," by which the law means such a preference as gives a valuable advantage to one at the *expense* of another.   A solvent debtor cannot give such a preference.

2. The Act of 1868, creating new grounds for attachment, was intended to apply to insolvent debtors and was necessitated by the fact that, at that time, the insolvent laws of the State were held in abeyance by the national bankrupt law.   Allegation and proof of insolvency are necessary to sustain an attachment based solely on the ground that the debor is giving or intends to give an unfair preference to some of his creditors.

3. The fact that defendants were unable to pay, and that they violated their promise not to pay any other debt before paying plaintiffs', is no ground for an attachment.   Parties cannot by their agreements or the breach of them give the right to attach.

4. It is not the payment of just debts in money that the law reprobates, but the assigning and disposing of the insolvent debtor's property.   C. C. 2658; 26 An. 641.

5. The filing of an attachment by one creditor by consent with the debtor, for an amount in excess of the debt due him, is a gross fraud and collusion which fully authorizes the issuance of an attachment on the part of other creditors.